The opinion of the court was delivered by
Manning, C. J.
The executors of J. P. Crosley obtained an order off ■seizure and sale of certain property of the plaintiff, for the payment off his note for over four thousand dollars, and upon service being made off the usual notice, he arrested farther proceedings by this injunction* *1164 which, was granted without bond. The allegations are that a boy of ■«bout fifteen years, the son of the sheriff, delivered to the plaintiff a paper purporting to be a copy of the order of seizure and sale, and notice, but that such service is illegal, not having been made by a person •qualified to act as a deputy of the sheriff; — that no copy of the petition of the executors has been served on him, and that the note, upon which "the order issued, is prescribed.
At the ensuing term of court, the defendants in injunction moved ••and obtained a rule upon the plaintiff to prove in a summary manner the truth of the facts alleged in his petition of injunction, and the rule was made returnable two days thereafter. Whereupon the plaintiff excepted to this rule, and the order of court thereon, for four reasons ; — 1. that the proceeding by rule was not authorized by law; 2, the delay for answering should have been ten days; 3, that the rule is so vague and indefinite that the plaintiff can not answer it intelligibly; 4, that the suit is not at issue, and has not been fixed for trial, nor reached in the call of the docket.
The law expressly authorizes a party injoined to compel the party injoining to prove the truth of the facts alleged by him, in a summary manner. Code of Practice, art. 741. No delay is specified for the party injoined in such rule. The trial must be summary. The rule is not vague. The language used is the same as that of the Code. It was not needful for the suit to be at issue, nor to have been fixed for trial, nor called. It would defeat the purposes of the rule, if instead of trying it in a summary manner, its trial should be deferred until the suit was at issue, or should be reached in its regular order on the docket. The plaintiff was correctly compelled to try the preliminary issue on "the rule summarily.
It is also objected that the trial thus ordered was a violation of the •rules of the court, because it was had during the ' motion hour.’ That was the proper time, according to those rules, to try the summary proceeding.
The plaintiff, having been thus compelled to prove summarily the truth of the facts alleged by him, offered evidence to shew that his allegation touching the minority of the person who made the service on him was true. The defendants objected on the ground that when a debtor arrests a sale for any of the causes mentioned in art. 739 of the Code of Practice, (and this sale was arrested for the 8th. reason in that article, viz prescription) the debtor must, on the summary trial of such a rule as this, be confined to the proof of the particular cause, or causes, in that article, upon which he has based his proceedings in arrest. This objection is good. The purpose of these articles of the Code of Practice as, first to enable the debtor to arrest a sale of his property for certain *1165 specified reasons, and to afford him the most complete facility to do-that, directs the judge not to require any surety from him. art. 740. And the second purpose is to enable the creditor, who has been met in the execution of his process by these eight objections, or any of them, to avoid farther delay by compelling the debtor to prove them, and he can prove nothing else.
The second ground of injunction is, that no copy of the petition for the order of seizure and sale was served on the debtor. A copy of a petition is served when a citation to answer it is served. They go together. No citation is necessary in executory process, but only the notice of the order to the debtor. Dupuy v. Bemiss, 2 Annual, 509. Broughton v. King, Ibid. 569. Neither is service of a copy of the petition necessary.
The third ground is prescription, and upon this the ruling of the-lower court is not in accordance with the early authorities. A question of prime importance is here presented, Can a judge grant an order of seizure and sale upon a note which is prescribed on its face?
In Union Bank v. Dosson, 7 Annual, 548 an order upon such a note was held to have been improperly granted. The court said, “ as the obligation is prima facie prescribed, there must be authentic evidence of the interruption of prescription before the party can proceed via executiva,” and this is mentioned approvingly in Fowler v. Beatty, 10 Annual, 275. The later practice has been to grant .the order, leaving to the debtor to interpose the plea of prescription. We shall consider the right to issue the order in such a case as an original proposition.
The rule of the Code is, that courts can not supply the plea of prescription. art. 3426 new no. 3463. Non constat that every person, who can avail himself of it, will use it. It is a weapon that the courts can not furnish. It is rather a shield that the litigant must hold up for his own protection. When a judge refuses an order of seizure and sale upon a paraphed note, and a corresponding authentic act of mortgage, for the reason that five years have elapsed since the maturity of the note, by the terms of that refusal, he interposes the plea of prescription, for if the plea is never interposed, the note will always be collectable. If therefore it is beyond the judge’s power to supply the plea, the order must be granted if the authentic evidence before him conforms to the requirements of the Code of Practice.
This case practically illustrates the propriety of this ruling, and the complete protection it affords to the debtor. He can oppose the plea to-the creditor’s demand by an injunction suspending the sale, (art. 738) and that all hindrance to his exercise of this right may be'removed, he is dispensed from giving bond. The plaintiff has thus obtained his injunction, but when he claimed on the trial of this rule that the note *1166 was prescribed, the defendant proved by an endorsement upon it that ‘the debtor had waived prescription nine days before the full term of live years from its maturity. It was not prescribed therefore when the •order was granted for executory process to issue, and the judge properly made the order. The fact that our law has expressly mentioned prescription as one of the eight causes for which the debtor can arrest the process by injunction without bond, shews that its intention was to leave ‘to him the use of that plea, and not to allow the judge to interpose it.
We are asked to inflict damages upon the plaintiff in injunction for •■an abuse of the writ. It is not certain — it is not even probable — that he knowingly and wilfully used the writ for delay, or merely to harass the •creditor. On the contrary the unsettled jurisprudence upon this particular question left him in doubt whether he was not pursuing the course which might receive the ultimate approbation of the court of the last resort.
We disappoint his expectations, but we shall not punish him 'because ihe cherished them.
The lower court dissolved the injunction without damages.
The judgment is correct, and is affirmed.